Albert Bradshaw v. Glasser Bros. &c.

**Principal and Surety—Subrogation—Fraudulent Conveyance.**

　　A. made a mortgage to B. to indemnify him as surety on a replevin bond, and also included in the mortgage other debts due. In an action to set aside the mortgage as a preference, the principal in the replevin is not subrogated to the rights of the judgment creditor that would give him priority over other creditors, since there had never existed a lien in favor of the judgment creditor.

APPEAL FROM MCCRACKEN CIRCUIT COURT.

June 1, 1870.

Opinion of the Court by Judge Hardin:

On the 4th of December, 1866, John L. Seaton mortgaged to the appellant a stock of goods and merchandise to secure the payment of a debt of $300 to appellant, and to indemnify him as Seaton's surety in a debt to the First National Bank, at Paducah for $500, and a debt to Staddler & Brother for about $2500.

This controversy involves the enquiry whether the mortgage was made in contemplation of insolvency and with the design to prefer the appellant to the other creditors of Seaton and operated under the Act of March 10th, 1856, (1 R. S. 553) as an assignment and transfer of his property for the benefit of all his creditors. It is equally apparent from the mortgage and extrinsic evidence that the object of the mortgage was to secure and indemnify appellant as the creditor and surety of Seaton who, as well as the appellant, must, we think, from the evidence, have contemplated his approaching insolvency, and that all the debts were pre-existing liabilities of Seaton. And that the mortgage, as to the debts of $300 and 500 was within the interdiction of the statute, does not admit of any question.

But it appears that the liability of the appellant for the debt of $2500 was created by the execution of a replevin bond before the clerk of the McCracken circuit court, but three days before the date of the mortgage; and that Seaton, and the attorney who had obtained the judgment against him, have entered into an agreement under which it was contemplated that Seaton would

appropriate the proceeds of the goods, subsequently mortgaged, to the payment of the debt, and if he did so, as he made sales of the goods, indulgence would be given, provided the liability of his surety should not be affected. And this seems to have been known by the appellant, when he united in the replevin bond; but it does not appear that he was a party to the agreement; or that he had any promise or assurance from Seaton, when he replevied the debt, that the mortgage would be made; on the contrary the evidence rather conduces to the conclusion, that the execution of the mortgage, was the result of his becoming apprehensive of loss, upon discovering the real value of the goods, after he had become bound in the replevin bond. It is insisted however, for the appellant, that as the plaintiff in the judgment might have proceeded by execution to coerce the debt by a sale of the goods, if the appellant had not rendered that action unnecessary by replevying the debt, and the general creditors of Seaton would thereby have been overreached, they were not prejudiced by the mortgage of the property; and if the transaction was technically prohibited by the statute, the appellant was nevertheless entitled to priority by substitution for Staddler & Brother, to whom he was compelled to pay the debt of $2500.

But we do not concur in these inferences, from either aspect of the case. It is not certain that the mortgage did not seriously prejudice the rights of the general creditors. It certainly affected them, in a manner intended to be prohibited by the statute; and whatever might have been the equitable rights of the appellant, if he had replevied an execution which had been levied or have a lien on the goods, and afterwards paid the debt, as no lien ever existed in favor of the plaintiffs in the judgment, no principle of equitable subrogation is perceived, upon which the appellant was entitled to any preference over the other creditors of Seaton, in the distribution of his effects.

Wherefore the judgment is affirmed.

*Husbands, for appellant.*
*R. M. Harding, for appellees.*